BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
TRACY L. WILKISON
Acting United States Attorney
IRENE A. FIRIPPIS (DC Bar No. 1029548)
Trial Attorney
Torts Branch, Civil Division
Aviation, Space & Admiralty Litigation
United States Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
Phone: (202) 514-4074
Fax: (202) 616-4002

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FLORES, an Individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE and DOES 1 TO 100, Inclusive<br><br>Defendants. | No. 5:21-cv-00818 SHK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**<br><br>Date: Tuesday, August 3, 2021<br>Time: 11:00 a.m.<br>Courtroom: 3 or 4 of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501<br><br>Honorable United States Magistrate Judge Shashi H. Kewalramani |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on August 3, 2021 at 11 a.m., or as soon thereafter as they may be heard, Defendants United States Air Force and/or United States of America will and hereby move this Court for an order dismissing Plaintiff's Federal Tort Claims Act (FTCA) action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to the extent the Complaint (ECF No. 1) has legal effect.  In the alternative, if the First Amended Complaint (ECF No. 7) controls, Defendants will move for dismissal of the United States Air Force and Does 1-100 as party Defendants.  This Motion will be made before the Honorable Magistrate Judge Shashi H. Kewalramani, in Courtroom 3 or 4, located in the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, California, 92501.

The United States' Motion to Dismiss should be granted for the following reasons. First, the original Complaint is the operative pleading because the First Amended Complaint was filed more than 21 days after service without the opposing party's written consent or the Court's leave, rendering it a nullity.  Fed. R. Civ. P. 15(a).  The Court lacks subject matter jurisdiction to adjudicate an FTCA action against the Air Force and Does 1-100, the only named Defendants in the Complaint.  The FTCA only permits suits against the United States, not federal agencies or Doe Defendants.  In the alternative, should the Court consider the First Amended Complaint operative, it also lacks subject matter jurisdiction as to the Air Force and Does 1-100 as party Defendants, and should dismiss them for the same reasons, leaving the United States as the only remaining Defendant.

This Motion is made upon this Notice, the attached Memorandum of Points and Authorities in support thereof, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this Motion.

This Motion is made following the telephonic conferences of counsel pursuant to

1

Local Rule 7-3, held on June 3, 2021, and multiple email exchanges on June 3, 9, 17, 2021. In writing and over the phone, undersigned Department of Justice counsel provided notice that the Court lacks subject matter jurisdiction over the Air Force and Does 1-100. Nonetheless, without seeking leave from the Court or obtaining the United States' written consent, Plaintiff proceeded to file the First Amended Complaint that adds the United States but still improperly names the Air Force and Does 1-100 as Defendants.

Dated: July 6, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

TRACY L. WILKISON
Acting United States Attorney

/s/ Irene A. Firippis
IRENE A. FIRIPPIS
Trial Attorney
United States Department of Justice

*Attorneys for the United States Air Force and United States of America*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has filed a personal injury action pursuant to the Federal Tort Claims Act (FTCA). The Court should dismiss the action for lack of subject matter jurisdiction because the operative Complaint (ECF No. 1) impermissibly sues the Air Force and unnamed Doe parties and fails to name the United States as a Defendant. Plaintiff's First Amended Complaint (ECF No. 7) attempts to add the United States as a Defendant but is a nullity because Plaintiff did not comply with Fed. R. Civ. P. 15(a) before filing it. Should the Court nonetheless find the First Amended Complaint operative, it should dismiss the Air Force and Does 1-100 as party Defendants, leaving the United States as the sole Defendant.

## II. SHORT STATEMENT OF FACTS

On May 16, 2019, an F-16C assigned to the 114th Fighter Wing, South Dakota Air National Guard crashed into a commercial warehouse while on approach to March Air Reserve Base in Riverside, California, allegedly injuring Plaintiff. On August 28, 2020, the Air Force received Plaintiff's administrative claim, seeking damages for personal injuries he allegedly sustained during the crash. On February 26, 2021, before the statutorily-mandated six month period for the Air Force to consider his claim expired, 28 U.S.C. § 2675(a), Plaintiff filed an FTCA complaint against the Air Force and Does 1-100 in this Court.[1] On April 26, 2021, Plaintiff voluntarily dismissed his complaint after the undersigned Department of Justice counsel conferred with Plaintiff's counsel and explained that the Court lacked subject matter jurisdiction because the action was prematurely filed.

On May 7, 2021, Plaintiff again sued the Air Force and Does 1-100. *See* ECF No. 1. Plaintiff served the summons and Complaint on the United States Attorney's Office

---

[1] *See Flores v. United States Air Force, et al.*, 5:21-cv-00322-JWH-SP (C.D. Cal. February 26, 2021).

for the Central District of California on May 12, 2021.[2]  *See* Ex. A (a copy of the Complaint with the service date-stamped).  On June 3, 2021, undersigned counsel from the Department of Justice spoke with Plaintiff's counsel and explained that she would file a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the Complaint impermissibly names the Air Force and Does 1-100 as Defendants, rather than naming the United States as the Defendant.  *See* Exhibit B (email correspondence between counsel), at 5, 8.  Following the call, on June 9, 2021, undersigned counsel wrote to Plaintiff's counsel and provided legal authority supporting this position and reiterated the plan to move to dismiss.  *Id.* at 5-6.

On June 17, 2021, Plaintiff's counsel informed the United States that she would "file to amend," after undersigned counsel did not agree to stipulate to Plaintiff filing an amended complaint that named the United States and Does 1-100 and answer a "Master Complaint" that would possibly include other plaintiffs, as suggested by Plaintiff's counsel.  *See* Ex. B at 2.  Plaintiff's counsel did not obtain the United States' written consent to file an amended complaint.  *Id.*  Plaintiff filed the First Amended Complaint on June 18, 2021, more than 21 days after the May 12, 2021 service on the United States Attorney's Office, without seeking leave of the Court or obtaining the United States' written consent, as required by Rule 15(a).  *See* ECF No. 7.  In doing so, Plaintiff also failed to comply with L.R. 15-1, as the First Amended Complaint was not attached to a motion.  *See* L.R. 15-1 ("Any proposed amended pleading must be filed as an attachment to the related motion or stipulation.").

While the First Amended Complaint's case caption names the United States as a Defendant instead of the Air Force, the Air Force remains a named Defendant in the body of the Amended Complaint.  *See* First Am. Compl. ¶ 8 ("Defendants UNITED

---

[2] The United States Attorney's Office received a second mailing of the summons and Complaint on May 28, 2021.  The May 28, 2021 package also included a "Statement of Consent to Proceed Before a United States Magistrate Judge," a Civil Cover Sheet, a "Certification and Notice of Interested Parties" and a "Notice of Counsel" form.  Because these additional forms are not necessary for service under Fed. R. Civ. P. 4(i)(1), the operative service date remains May 12, 2021.  As of the time of this filing, Plaintiff has not served the Attorney General, as required under Fed. R. Civ. P. 4(i)(1)(B).

STATES GOVERNMENT, UNITED STATES AIR FORCE and DOES 1-100 are hereinafter collectively referred to as 'DEFENDANTS.'"). Further, the case caption and the body of the First Amended Complaint still name Does 1-100 as Defendants. *Id*.

### III.   ARGUMENT

#### A. The First Amended Complaint Is a Nullity.

##### 1. Procedure for Amending under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings before trial.  Pursuant to subparagraph (1)(A), a party may amend its pleading once as a matter of course within 21 days after serving it, or, pursuant to subparagraph (1)(B), if the pleading is one to which a responsive pleading is required, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  *Id*.  If the conditions of subparagraphs (1)(A) or (1)(B) are not met, subparagraph (2) mandates that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id*.

##### 2. The First Amended Complaint Is a Nullity and Should Be Stricken Because Plaintiff Did Not Comply with Federal Rule of Civil Procedure 15.

The Court should consider the Amended Complaint as null and without legal effect because Plaintiff did not comply with Fed. R. Civ. P. 15(a) prior to filing it. Plaintiff filed the First Amended Complaint on June 18, 2021, more than 21 days after the Complaint was served, in violation of Rule 15(a)(1) because, in that circumstance, the Rule requires leave of Court or the opposing party's written consent before he could file the First Amended Complaint.  Fed. R. Civ. P. 15(a)(2).  Plaintiff never obtained either, rendering the First Amended Complaint null. *Mnatsakanyan v. California Pro. Corp. Cavalry Portfolio Servs., LLC*, No. CV 12-04358, 2013 WL 10156242, at *2 (C.D. Cal. Jan. 22, 2013).  *See also Hardin v. Wal–Mart Stores, Inc*., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) ("If an amended pleading [cannot] not be made as of right and is filed without leave of court or consent of the opposing party, the amended

pleading is a nullity and without legal effect."). In ruling on this Motion, the Court need only consider whether it should dismiss the action based on the original Complaint. The First Amended Complaint is null and without legal effect and should be stricken. *Id.*

### B. Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.

#### 1. Plaintiff Has the Burden of Establishing Subject Matter Jurisdiction.

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *McDougall v. Cty. of Ventura, California*, 495 F. Supp. 3d 881, 886 (C.D. Cal. 2020) (citing *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000)). Jurisdictional challenges may be raised at any time. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 595 (9th Cir. 1996).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack on the complaint occurs when the attack is unaccompanied by supporting evidence, and it challenges jurisdiction solely on the pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack is one in which subject matter jurisdiction is challenged as a matter of fact, and the challenger "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). This Motion constitutes a facial attack.[3]

---

[3] This Motion contains exhibits to support the United States' Rule 15 argument. The Rule 12(b)(1) argument is based solely on the faces of the Complaint and First Amended Complaint.

### 2. Subject Matter Jurisdiction Under the FTCA.

The United States cannot be sued except as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The terms of the consent define the Court's jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Statutory waivers of sovereign immunity are strictly construed in the United States' favor. *McMahon v. United States*, 342 U.S. 25, 27 (1951). Waiver of sovereign immunity involves strict compliance with the conditions by which the United States may be sued. *Williams v. United States*, 711 F.2d 893, 899 (9th Cir. 1983). If sovereign immunity has not been waived, the Court lacks subject matter jurisdiction. *Beyene v. United States*, No. 11-4445, 2011 WL 5570775, at *4 (C.D. Cal. Nov. 15, 2011) (citing *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988)).

The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671-2680, is a limited waiver of the United States' sovereign immunity for certain tort claims. Under the FTCA, jurisdiction exists only for "civil actions on claims against the *United States* . . . ." 28 U.S.C. § 1346(b)(1) (emphasis added); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (dismissing FTCA claims against agency for lack of jurisdiction). Although claims under the FTCA arise from the acts or omissions of United States agencies, "an agency itself cannot be sued under the FTCA." *Id.* See also *Mata v. United States Dep't of Navy*, 2:20-cv-024483-ODW, 2020 WL 5983927, at *4 (C.D. Cal. Mar. 26, 2020) (dismissing complaint because "the only proper defendant in an FTCA action is the United States, not its agency," and ruling that "the Navy is not a proper FTCA defendant."). The FTCA does not permit Plaintiff to sue "Doe" Defendants. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

### 3. The Court Lacks Subject Matter Jurisdiction Because the United States Air Force and Does 1-100 Are Not Proper FTCA Defendants.

Because the First Amended Complaint is a nullity and the original Complaint is operative, the Court should dismiss the action for lack of subject matter jurisdiction. Dismissal is required because the Air Force, the only named federal party, is not a proper FTCA defendant. *See, e.g.*, *Hansley v. Dep't of Navy, et al.,* No. 7:19-CV-133-FL, 2021 WL 2546716, at *2-3 (E.D.N.C. June 21, 2021) (dismissing FTCA complaint against Navy for lack of subject matter jurisdiction because "the FTCA remedy allows liability solely for the United States."); *Domantay v. United States Dep't of Veterans Affs.*, No. 18-CV-03726-SK, 2018 WL 10501631, at *2 (N.D. Cal. Dec. 10, 2018) (ruling that the "United States is the only proper party defendant in a FTCA action," and dismissing complaint against agency for lack of subject matter jurisdiction).

Plaintiff's naming Does 1-100 as Defendants is also improper, requiring dismissal of the action. The FTCA does not permit Plaintiff to sue "Doe" Defendants. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (affirming dismissal of "Doe" Defendants because the United States is the only proper FTCA defendant). *See also Nero v. Ives*, No. CV 14-00859, 2014 WL 3347529, at *6 (C.D. Cal. May 27, 2014), *report and recommendation adopted*, No. CV 14-00859 2014 WL 3347539 (C.D. Cal. July 7, 2014) (dismissing complaint for lack of subject matter jurisdiction because Doe Defendant Bureau of Prisons agents were improper FTCA defendants); *Sec. Nat. Ins. Co. v. United States*, No. 2:13-CV-01594-MCE, 2014 WL 546551, at *4 (E.D. Cal. Feb. 11, 2014), *aff'd*, 637 F. App'x 347 (9th Cir. 2016) (granting motion to dismiss Doe Defendants for lack of subject matter jurisdiction because it "is well taken" that they "are not proper defendants under the FTCA."). Accordingly, the Court should dismiss the action for lack of subject matter jurisdiction because the Air Force and Does 1-100 are the only Defendants named in the Complaint.

### C. If the First Amended Complaint Has Legal Effect, the Court Should Dismiss the Air Force and Does 1-100 From the Action.

In the alternative, if the First Amended Complaint has legal effect, the Court should dismiss the Air Force and Does 1-100 from the lawsuit, for the reasons argued above, leaving the United States as the only Defendant. While not named in the case caption, the Air Force remains a named Defendant, and is included by reference, with Does 1-100, in paragraphs through which Plaintiff alleges negligence and seeks relief. *See* First Am. Compl. ¶¶ 8, 9, 119, 120, 121, 123, 124, 125; *id*. at 13 ("Prayer for Relief" paragraphs). Because the United States is the only proper Defendant, the Air Force and Does 1-100 should be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

The First Amended Complaint is null and without legal effect because Plaintiff failed to comply with Fed. R. Civ. P. 15(a). The Court should therefore dismiss the action for lack of subject matter jurisdiction because no FTCA action can lie against an administrative agency and Doe Defendants, the only party Defendants named in the Complaint. In the alternative, should the First Amended Complaint control, the Court should dismiss all Defendants except the United States.

| | | |
|---|---|---|
| 1 | Dated: July 6, 2021 | Respectfully submitted, |
| 2 | | BRIAN BOYNTON |
| 3 | | Acting Assistant Attorney General<br>Civil Division |
| 4 | | |
| 5 | | TRACY L. WILKISON<br>Acting United States Attorney |
| 6 | | */s/ Irene A. Firippis*<br>IRENE A. FIRIPPIS (DC Bar No. 1029548) |
| 7 | | Trial Attorney<br>United States Department of Justice |
| 8 | | Civil Division, Torts Branch<br>Aviation, Space & Admiralty Litigation |
| 9 | | P.O. Box 14271<br>Washington, DC 20044-4271 |
| 10 | | Tel: (202) 514-4074<br>Fax: (202) 616-4002 |
| 11 | | irene.a.firippis@usdoj.gov |
| 12 | | *Attorneys for the United States and* |
| 13 | | *United States Air Force* |

10

# CERTIFICATE OF SERVICE

I, Irene Firippis, hereby certify that a copy of the United States' Notice of Motion and Motion to Dismiss, and Memorandum of Points and Authorities was electronically filed with the Court using CM/ECF on July 6, 2021.  I further certify that said document was served upon each of the following via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail:

> Christopher B. Dolan
> Aimee E. Kirby
> Dolan Law Firm PC
> 1438 Market Street
> San Francisco, CA 94102
> 415-421-2800
> Fax: 415-421-2830
> chris.dolan@dolanlawfirm.com
> aimee.kirby@dolanlawfirm.com

> */s/ Irene A. Firippis*
> Trial Attorney
> United States Department of Justice